THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL QUILES MORGADO, Defendant and Appellant.

No. Cr-62-151. Decided February 27, 1963.

*Luis A. Archilla Laugier* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

The prosecuting attorney filed an information against Rafael Quiles Morgado charging him with a violation of § 5-801 of the Vehicle and Traffic Law of Puerto Rico, Act No. 141 of July 20, 1960, 9 L.P.R.A. § 1041 (Supp. 1961, p. 273), consisting in that "when he was driving (a) motor vehicle . . . he was completely intoxicated, for which reason he was unable to exercise full command and control of the vehicle." He was found guilty and sentenced to serve 10 days in jail. Besides, his driving license was suspended for a period of one year.

He points out that the trial court committed several errors which may be summarized in two basic contentions: (1) overruling the peremptory demurrer to the information; and (2) failing to order defendant's acquittal in view of the deviations observed in the procedure for sending the blood sample taken from him. He is wrong.

■ (1) The information substantially follows the words of the statute which defines the crime: "It shall be unlawful for any person who is under the influence of intoxicating liquor to drive or operate any motor vehicle." It is sufficient. *Cf. People* v. *Rivera, ante,* p. 310.

■■ (2) The second assignment is based on that the physician who took the sample did not "fill" completely the reporting blank sent to the laboratory of the Department of Health. That is true indeed, but Dr. Orea Vela's testimony established that the blank was filled by Supervisor Haynes in the presence of the witness, who verified that "everything that was stated by the patient was correct," and later signed it. This is precisely all that is required by the regulation governing chemical analysis, § 3 of Regulation No.

30 approved by the Secretary of Health on September 29, 1960, 9 R.&R.P.R. § 1043–3, which states that "each blood or urine sample shall be accompanied by a reporting blank furnished by the Department of Health and which shall be *filled completely* in quadruplicate and *signed* by the person who collects the sample in such a manner that each copy contains exactly the same information." To fill completely (*cumplimentar*) according to the *Diccionario de la Lengua Española* (18th ed. 1956), p. 402, is "to execute or fulfill the requirements of superior orders." There is nothing in the text copied above which requires that the blank be written or filled in by the person who takes the sample, a function which is more the concern of a clerk than of a technician. The guarantee of authenticity is supplied by the signature of the person who takes the sample, after verifying that the information contained in the blanks is correct or the one which has been offered for the purpose of identifying it.[1] Likewise, it was satisfactorily proved, by identifying the label with the corresponding number, that the sample taken was the one which was received in the Department of Health and examined by the chemist Fernández, and which gave a result of 0.24 grams of alcohol in one hundred grams of blood. It goes without saying that mere deviations in the procedure for taking and analyzing the samples do not justify discarding, in the criminal prosecution, this method provided by the legislator to aid effectively in the persecution of law-breakers, provided the trier is convinced of the authenticity of the sample taken and the identity of the one analyzed.

---

[1] The reporting blank requires, among other things, taking down the name of the person from whom the sample is taken, his age, address, occupation, and the number of his driving license; the name, address, and public position held by the person who orders the sample; the identification and address of the institution where the sample is taken, as well as the date stating the exact hour when it is taken; *the serial number in the sample vials;* the name, address and public position of the person who takes it, and the names and addresses of the witnesses who witness the act.

■ Besides, independently of the result of the analysis, the testimony of the policeman who procured the taking of the sample indisputably established that appellant showed signs of being intoxicated—he could hardly stand on his feet (Tr. Ev. 4 and 5), had no control of his muscular reflexes (*id.*, p. 5), his breath smelled strongly of liquor (*id.*, p. 6), he spoke in a hesitant manner (*id.* p. 6). We ratify what was stated in *People* v. *Superior Court*, 84 P.R.R. 378 (1962) and *People* v. *Cabrera*, 84 P.R.R. 94 (1961), to the effect that the prosecuting attorney may establish the crime without having to introduce evidence on the result of the analysis.

The judgment rendered by the Superior Court, Bayamón Part on November 16, 1961, will be affirmed.

